FÉLIX RODRÍGUEZ, demandante y apelado, *v.* ELVIRA SOTO VDA. DE RIVAS y JOSÉ RODRÍGUEZ, demandados y apelante la primera.

No. 5530.—*Sometido:* Junio 18, 1931. *Resuelto:* Agosto 1, 1931.

*Antonio L. López,* abogado de la apelante; *Angel M. Villamil,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Ante la Corte Municipal de Caguas Félix Rodríguez, tercerista, instituyó un pleito contra José Rodríguez y Elvira Soto para recobrar la mitad de una finca. En la demanda se alegaba como fundamento del pleito de tercería que dicha Elvira Soto había iniciado un procedimiento contra el aludido José Rodríguez, había embargado y el márshal se disponía a vender, como perteneciente a dicho José Rodríguez, la mitad de una finca cuyo título y posesión residían en el tercerista. En apelación, después de celebrado el juicio, la corte resolvió a favor del tercerista.

La defensa interpuesta por la apelante Elvira Soto fué que las escrituras bajo las cuales el tercerista trata de derivar su título eran fraudulentas, toda vez que al tiempo de su otorgamiento José Rodríguez, bajo cuyos derechos Félix Rodríguez reclamaba, estaba ya sujeto a un litigio por dicha apelante Elvira Soto. Se invocó el artículo 1264 del Código Civil. Éste provee así:

"Se presumen celebrados en fraude de acreedores todos aquellos contratos por virtud de los cuales el deudor enajenare bienes a título gratuito.

"También se presumen fraudulentas las enajenaciones a título oneroso, hechas por aquellas personas contra las cuales se hubiese pronunciado antes sentencia condenatoria en cualquier instancia, o expedido mandamiento de embargo de bienes."

La corte resolvió, de conformidad con dicho artículo, que debía probarse una sentencia adversa y que no se había demostrado tal cosa; ni siquiera que se hubiera expedido el correspondiente embargo contra la propiedad.

La apelante también alegó la insuficiencia de las es-

crituras porque el notario no dió fe de haberse hecho entrega del precio. La escritura en cuestión decía que los vendedores habían recibido $450 antes del otorgamiento de la escritura, y $150 en el momento del otorgamiento. La corte evidentemente creyó que entonces la escritura no podía ser considerada como fraudulenta por haber dejado de dar fe, especialmente en vista de que otras personas habían comparecido en la escritura como vendedoras y no podía determinarse la parte del precio pagada a cada una.

■ Conforme resolvió la corte, también había un comprador mediato que no fué hecho parte en el litigio por Elvira Soto. Fué este intermediario quien vendió al apelado y no podía determinarse la fecha de su escritura con respecto a ninguna sentencia; ni siquiera que José Rodríguez adeudaba algo en el momento de otorgarse le escritura de que se queja.

La apelante no nos convence de que la corte se hubiera equivocado en cualquiera de estas posiciones. De conformidad con el artículo 1264 la existencia de una deuda es un requisito previo indispensable y nada hallamos en contrario en los casos citados.

Además, nada hay que pruebe que Félix Rodríguez, quien hizo la compra, cometiera fraude alguno. La presunción de fraude fué impugnada por la compra posterior, de no haberlo sido por toda la demás prueba circunstancial.

■ La inscripción de un gravamen o de un embargo en el registro no era óbice para probar una escritura no inscrita. Tal inscripción o anotación es sólo una preferencia o un aviso.

No vemos razón alguna para alterar el pronunciamiento de costas y la *sentencia debe ser confirmada.*

Los Jueces Sres. Presidente del Toro y Asociado Texidor no intervinieron.